**REISSUED FOR PUBLICATION**
**MAY 1 2018**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

ORIGINAL

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 3, 2018

FILED
APR 03 2018
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * * * | |
| BEVERLY ANN NORMAND, | UNPUBLISHED |
| Petitioner, | |
| v. | No. 16-720 |
| | Special Master Gowen |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | Dismissal; Insufficient Proof; |
| | Failure to Respond to Court |
| Respondent. | Orders. |
| * * * * * * * * * * * * * | |

Beverly Ann Normand, appearing *pro se*, for petitioner.
Amy Paula Kokot, United States Department of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

On June 21, 2016, Beverly Ann Normand filed a *pro se* petition in the National Vaccine Injury Compensation Program ["Program"].[2] Petitioner alleged that as a result of a tetanus vaccination administered on June 14, 2013, she subsequently experienced "severe pain" in her shoulder, as well as her feet and ankles. Petition at 1, [ECF No.1]. For the reasons stated herein, petitioner's claim is dismissed for insufficient proof and failure to respond to court orders.

### I.  Procedural History

Petitioner filed her petition with accompanying medical records on June 21, 2016, and on July 28, 2016, the undersigned held an initial status conference with petitioner and respondent's counsel, which was digitally recorded. During the status conference, the undersigned informed

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

petitioner that based on the allegations in her petition, the statute of limitations to file a claim in the Program had run prior to her filing the petition.[3] The undersigned informed petitioner that the statute of limitations for the Vaccine Act is three years, and petitioner had missed the deadline by a few days. The undersigned further noted that "if [petitioner's] recollection [of the date of her vaccination] is accurate, [he] will have no choice but to dismiss this case because it [was] not filed within the statute of limitations, which is three years from the date of onset of the symptoms."[4] The undersigned offered petitioner 45 days to collect and submit additional medical records that may support her claim, to which she agreed. Scheduling Order issued July 29, 2016, [ECF No. 6]. The undersigned also recommended that petitioner consult with an attorney who has experience with vaccine cases. *Id.* After the status conference, petitioner was mailed an order summarizing what was discussed during the status conference as well as a list of attorneys who practice in the Program. *Id.*

Petitioner failed to file a motion for substitution of counsel or any medical records by the deadline; consequently, on September 29, 2016, the undersigned issued an Order to Show Cause directing petitioner to file her complete medical records no later than October 27, 2016, [ECF No. 7]. The Order explained that if petitioner failed to file the additional medical records, her claim could be dismissed for failure to prosecute. *Id.*

On October 17, 2016, petitioner submitted a response to the Order to Show Cause ("Pet. Resp."), [ECF No. 8]. She explained her delayed response to the Court and provided additional medical records, including those from South Shore Hospital and Dr. Kumar Kaliana, an internist. *Id.* Within the records, Dr. Kaliana's notes dated June 22, 2013, indicated that petitioner had "pain in foot [. . .] since 6/16/13, swelling to leg, hard to walk on foot." *Id.* at 18.[5] However, shortly thereafter, on October 24, 2016, petitioner submitted the same medical record from Dr. Kaliana, and her cover letter indicated that Dr. Kaliana "has corrected the official record of onset of [her] having problem with feet and walking from 6-16-13 to 6-21-13." Pet. Ex. 9 at 1. Petitioner submitted a new copy of the June 22, 2013 entry from Dr. Kaliana's chart with "June 16, 2013" crossed out and "June 21, 2013" substituted with Dr. Kaliana's initials beside it. *Id.* at 2.

On November 8, 2016, the undersigned ordered respondent to file a motion to dismiss if he believed the case was filed out of time. Order issued November 8, 2016, [ECF No. 11]. In response to this Order, respondent filed a status report requesting time to file a Rule 4(c) Report. Resp. Status Report filed December 2, 2016, [ECF No. 13]. Respondent filed his Rule 4(c) Report on February 10, 2017, and asserted that petitioner had failed to file her claim within the statutory time limitation set by the Vaccine Act. Resp. Report at 8-9, [ECF No. 16] ("[petitioner] needed to file her petition by June 16, 2016, but it was not filed until June 21, 2016.").

---

[3] As discussed during the initial status conference, "[N]o petition may be filed for compensation . . . .after the expiration of thirty-six months after the date of the occurrence of the first symptom or manifestation of onset . . . .of such injury." 42 U.S.C. §§ 300aa-16(a)(2).

[4] Initial Status Conference at 4:20:50, *Normand v. Sec'y of Health & Human Servs.*, (2016) (No. 16-720V).

[5] Because petitioner's medical records do not have exhibit or page numbers, the page numbers cited herein refer to the CM/ECF page numbers.

Respondent also argued that petitioner's medical records did not provide any reliable evidence of actual causation and that she had failed to meet her burden of proof under the Act. *Id.* at 5-8.

On March 23, 2017, the undersigned held another status conference with petitioner and respondent's counsel, during which he once again discussed the timeliness of petitioner's claim. The undersigned again noted petitioner's claim for her alleged shoulder injury was untimely as petitioner alleged it began hours after her vaccination on June 14, 2013. Order issued March 27, 2017, at 1, [ECF No. 20]. The undersigned then addressed petitioner's foot pain. Petitioner argued during the conference that the foot pain began on or after June 21, 2013, which she contended would make her claim for that injury timely. She argued that her foot and ankle pain should be viewed as a separate injury from the shoulder and thus would be timely filed if the medical record from Dr. Kaliana were accepted as corrected. However, the undersigned noted that it seemed unlikely for Dr. Kaliana to have an independent recollection of petitioner's onset date and to make the correction more than three years later, especially when records show that he saw petitioner the day after the newly-alleged onset of the foot pain, on June 22, 2013, and at that time noted that the pain began on June 16, 2013. The undersigned also noted that even if petitioner could establish that her foot pain began on or after June 21, 2013, which would put her claim for that injury within the statute of limitations, because she alleged that both her shoulder and her foot pain were related to a single peripheral neuropathy, and because her shoulder injury claim was not timely, the two injuries claimed would need to be separated. *Id.* at 2. Consequently, the undersigned ordered respondent to file a motion to dismiss addressing the issue of whether petitioner's foot symptoms could be treated as a separate injury from her shoulder symptoms under the circumstances alleged in the case. *Id.*

On June 7, 2017, respondent filed a Motion for Ruling on the Record, requesting that the undersigned dismiss petitioner's case because she "has not satisfied the Vaccine Act's statute of limitations requirement as set forth [and] has failed to provide preponderant evidence in support of any causation-in-fact claim." Motion for Ruling on the Record at 11, [ECF No. 23]. Petitioner did not file a response to the Motion, and in an order issued on August 29, 2017, she was ordered to file a notarized affidavit from Dr. Kaliana confirming that he made the change in petitioner's medical records regarding the onset of her foot pain and his reasons for doing so. Order issued August 29, 2017, [ECF No. 24]. Respondent's Motion was held in abeyance until after petitioner filed the affidavit, but petitioner was warned that if she did not file the required affidavit or seek other relief from the court by the deadline her case would be dismissed. *Id.*

Petitioner filed the affidavit from Dr. Kaliana on September 5, 2017, and a status conference was held thereafter on November 11, 2015. During this status conference, the undersigned discussed the details of Dr. Kaliana's affidavit with the parties, and respondent noted that Dr. Kaliana only changed the medical record after petitioner told him that her foot pain had actually started on June 21, 2013. Order issued November 21, 2017, [ECF No. 31]. The undersigned explained to petitioner that he could not find her entitled to compensation based on her claims alone and that she would need more than her own recollection to substantiate her claim. *Id.* The undersigned then further noted that petitioner had not received a definitive diagnosis regarding her foot and ankle symptoms or an explanation of how the vaccine could have caused the problem. *Id.* Petitioner stated that she had read medical literature linking her foot symptoms with the vaccine, due to an interaction with her heart medication, and she was

ordered to file that literature into the record, as well as all relevant medical records and an expert report addressing both her diagnosis and causation, by no later than January 22, 2018. *Id.* Petitioner was again encouraged to obtain an attorney and warned that if she did not comply with the Order by the deadline her case would be dismissed. *Id.*

On January 19, 2018, petitioner filed a motion for extension of time to comply with the Order. Pet. Mot. filed January 19, 2018, [ECF No. 32]. The undersigned granted petitioner an additional 60 days to comply with the Order, but again encouraged petitioner to obtain an attorney and warned that she would not receive any more extensions and her case would be dismissed if she did not address the significant issues in her case and comply with the previous Order by March 26, 2018.

To date, petitioner has not obtained an attorney, filed additional medical records, filed the requested medical literature, or filed an expert report.

## II.    **Conclusion**

A petitioner must establish entitlement to compensation in the Vaccine Program in one of two ways. The first is to establish that he or she suffered a "Table Injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

In the present case, petitioner did not allege, nor do the medical records indicate, that she suffered a Table Injury. Thus, to prevail on entitlement, petitioner must establish that the vaccine is the actual cause of her injuries. Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In the present case, the submitted medical records alone are insufficient to establish entitlement to compensation by showing vaccine causation, and petitioner has not submitted an expert report providing a definitive diagnosis or a medical theory linking her injury to the tetanus vaccine administered on June 14, 2013. Despite receiving multiple extension of time to do so, petitioner has not fulfilled her burden under the Vaccine Act and *Althen*, and it is therefore appropriate to dismiss her claim for insufficient proof.

Further, when a petitioner fails to follow court orders, the special master may dismiss the petitioner's claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Saphasas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Petitioner was granted multiple extensions of time but she still has not complied with court orders, nor has she contacted my chambers regarding her most recent missed filing deadline. This repeated failure to meet deadlines or otherwise inform the

court constitutes a failure to prosecute, which is a separate ground for dismissal of petitioner's claim.

**Pursuant to Rule 21(b) of the Rules of the United States Court of Federal Claims, this claim is DISMISSED for petitioner's failure to prosecute by providing proof of a relevant diagnosis or expert opinion as to vaccine causation. The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

_____
Thomas L. Gowen
Special Master